IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN MAE POLK, | ) | No. C 08-2344 MMC |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| BUDD MACKENZIE, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

On May 6, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. On May 13, 2008, plaintiff filed a first amended complaint. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color

of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In her first amended complaint, plaintiff alleges that from the time she was arrested, in October 2002, on charges of murdering her husband, until the time she chose to represent herself at her criminal trial in 2006, several attorneys violated her constitutional rights by making unauthorized statements to the press that prejudiced her ability to obtain a fair trial, obstructing her access to the courts, and, generally, providing inadequate legal counsel during pre-trial and trial proceedings. She also makes claims of legal malpractice related to the handling of certain civil matters. Plaintiff seeks monetary damages.

Plaintiff's allegations do not state cognizable claims for relief under § 1983. To the extent plaintiff claims that private attorneys who represented her during pre-trial and trial proceedings violated her constitutional rights, no claim is stated because attorneys in private practice are not state actors, and therefore do not act under color of state law, an essential element of a § 1983 claim. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). Similarly, to the extent plaintiff claims her constitutional rights were violated when she was represented by a public defender, no claim is stated because public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Additionally, plaintiff's claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Accordingly, plaintiff's claims will be dismissed.

Plaintiff further alleges she was defamed by the Contra Costa County probation officer who wrote the sentencing report after plaintiff was convicted. She states that because of false statements made in the report, her pending criminal appeal and her potential for release on parole in the future will be negatively impacted. She also maintains that prison officials have relied on the report to determine her classification and housing placement at the Central California Women's Facility ("CCWF"), where she is incarcerated, and that she has been assaulted by correctional officers at CCWF because of statements in the report. Plaintiff seeks monetary damages and to have the report redacted from her prison file.

Plaintiff's allegations of misconduct on the part of the probation officer in the preparation of a recommendation and report for the sentencing judge fail to state a cognizable claim for relief. "Probation officers preparing reports for the use of state courts possess an absolute judicial immunity from damage suits under § 1983 arising from acts performed within the scope of their official duties." Demoran v. Witt, 781 F.2d 155, 157 (9th Cir.1986). Accordingly, such claim will be dismissed.

To the extent plaintiff alleges the report has adversely affected her classification and placement at CCWF, and has resulted in her being mistreated by correctional officers at CCWF, such claims are not properly brought in the Northern District of California. Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).

Here, according to plaintiff's allegations, the prison officials responsible for plaintiff's classification and housing placement, and the correctional officers responsible for mistreating plaintiff, are located at CCWF; further, the events giving rise to plaintiff's claims occurred at CCWF. CCWF is located in Chowchilla, in Madera County, California; Madera County is within the venue of the United States District Court for the Eastern District of California. See 28 U.S.C. § 84(b). As a result, venue is proper in the Eastern District of California, not in the Northern District. Accordingly, plaintiff's claims as to her placement and treatment at CCWF will be dismissed. See 28 U.S.C. § 1406(a). After exhausting her administrative remedies, which plaintiff states she is in the process of doing, plaintiff may pursue any claims related to the conditions of her confinement at CCWF in the Eastern District.

3

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's claims of constitutional violations and legal malpractice against her former attorneys are hereby DISMISSED with prejudice.

2. Plaintiff's claim of defamation against the Contra Costa County probation officer who wrote the sentencing report after plaintiff was convicted is hereby DISMISSED with prejudice.

3. Plaintiff's claims against prison officials and correctional officers at CCWF are hereby DISMISSED without prejudice to plaintiff's filing such claims in the United States District Court for the Eastern District of California.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED:   August 19, 2008

_____
MAXINE M. CHESNEY
United States District Judge